UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **CV 09-01103 RGK (PLAx)** | Date | June 24, 2009 |
|---|---|---|---|
| Title | **AYZOUKIAN v. WASHINGTON MUTUAL BANK, et al** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re Washington Mutual's Motion to Dismiss (DE 11)

## I.  INTRODUCTION

On January 14, 2009, Jackie Ayzoukian ("Plaintiff"), pro se, sued Washington Mutual Bank ("Washington Mutual")[1], Dijana Asturias ("Agent"), Steven Z. Kessedjian, CFM Corporation, Michael D. First, Amerilend Corporation, and Natalie Kevorkian (collectively "Defendants").

Plaintiff's claims against all defendants include: (1) quiet title/cancellation of deed, (2) rescission and restitution, (3) unjust enrichment, (4) concealment, (5) misrepresentation, (6) promise without intent to perform, (7) negligence, (8) breach of fiduciary duty, (9) civil conspiracy, (10) constructive trust, (11) extortionate credit transaction, 18 U.S.C. § 892, (12) racketeering, laundering of money instruments, 18 U.S.C. § 1956, (13) engaging in monetary transactions in property derived from specified unlawful activity, 18 U.S.C. § 1957, (14) Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (15) RICO Violations 18 U.S.C. §1962(d) by conspiring to violate 18 U.S.C. § 1962 (c), and (16) injunction, and declaratory relief.

Washington Mutual seeks dismissals of all claims for failure to state a claim. For the following reasons, the court **GRANTS in part** Washington Mutual's motion.

## II.  FACTUAL BACKGROUND

Beginning in August 2006, Plaintiff's fiancé at the time, Kessedjian, his sister, Kevorkian, and Kassedjian's business associate, First, allegedly conspired with the Agent to fraudulently obtain an equity loan. In September 2006, Kessedjian, Kevorkian, and First allegedly submitted a W-2 form and a

---

[1] JPMorgan Chase Bank acquired certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as Receiver.

pay stub purporting to verify Plaintiff's income. Plaintiff alleges the documents were fraudulent and that the Agent and Washington Mutual knew that the documents were not accurate representations of her income. Plaintiff alleges that she was unaware of Defendants' fraudulent acts at the time she signed the loan documents and accepted the $250,000.

After obtaining the $250,000 equity loan, Plaintiff allegedly transferred all the money to Kassedjian. Kassedjian had promised Plaintiff he would pay back the loan within six months. It is unclear how much Kassedjian paid back, if any.

In December 2007, Plaintiff separated from Kassedjian. During the divorce, Plaintiff discovered the alleged fraudulent scheme. On September 5, 2007, Plaintiff submitted an affidavit to Washington Mutual detailing the alleged conspiracy to fraudulently obtain the loan. Plaintiff alleges that Washington Mutual failed to investigate the fraud and that Washington Mutual covered up the scheme.

Plaintiff alleges that thereafter Washington Mutual began a collection process for the fraudulent loan. It appears Washington Mutual initiated a notice of default and a notice of trustee's sale. It is unclear where the proceedings are at this point.

## III.     JUDICIAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must assume allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court may not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Courts liberally construe a *pro se* complaint and hold it to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

For the purposes of a motion to dismiss, the Court looks to both the allegations contained in the Complaint, as well as those contained in the RICO Statement. *See Walter v. Drayson*, 538 F.3d. 1244, 1247, (9th Cir. 2008).

## IV.     DISCUSSION

As stated above, Plaintiff alleges both state and federal claims against Washington Mutual. Plaintiff originally filed the action in state court, and Washington Mutual removed the action on the ground the federal claims comprised a portion of the Complaint. While Washington Mutual challenges all claims by way of the current motion, the Court will address only the federal claims.

### A.     Plaintiff's Claim for Rescission Under TILA

Plaintiff's second claim seeks rescission under the Truth in Lending Act, 15 U.S.C. § 1601, et. seq., ("TILA"). Washington Mutual argues that Plaintiff fails to state a claim for rescission because Plaintiff is vague in how TILA was violated. The Court agrees.

TILA provides a consumer with a cooling-off period during which she may rescind a consumer credit transaction, including some types of mortgages. *See* 15 U.S.C. § 1635(a). TILA mandates disclosure of the annual percentage rate, method of determining the finance charge and the balance upon which a finance charge will be imposed, amount of the finance charge, amount to be financed, total of payments, number and amount of payments, due dates or periods of payments scheduled to repay indebtedness, and other statutory disclosures. 15 U.S.C. § 1602(u) (*amended by* Credit Card Act of 2009, Pub. L. No. 111-24, 123 Stat 1734). TILA "assure[s] a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . . ." 15 U.S.C. § 1601(a).

Upon review of the Complaint and RICO Statement, the Court finds that Plaintiff has not alleged any failures to disclose or other TILA violations. Rather, the Complaint simply states in conclusory fashion that all defendants violated TILA. While violation of TILA is always a possibility where consumer-lending transactions are involved, the facts presented by this case give no indication of such a claim. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for rescission under TILA.

### B. Plaintiff's Claims Under Federal Criminal Statutes

Plaintiff's eleventh claim alleges violation of 18 U.S.C. § 892, extortionate extensions of credit. Plaintiff's twelfth claim alleges violation of 18 U.S.C. §1956, laundering of monetary instruments. Plaintiff's thirteenth claim alleges violation of 18 U.S.C. §1957, engaging in monetary transactions in property derived from specified unlawful activity.

Violations of § 892, § 1956, and § 1957 can serve as predicate offenses to establish a RICO violation. 18 U.S.C. § 1961. However, these criminal statutes do not independently afford Plaintiff a civil remedy.

Because a civil claim under these statutes is unavailable, Plaintiff will not be able to cure the deficiency. Therefore, the Court **DISMISSES WITH PREJUDICE** Plaintiff's eleventh, twelfth, and thirteenth claims.

### C. Plaintiff's Claims Under RICO

In Plaintiff's fourteenth claim, Plaintiff alleges that Washington Mutual violated RICO, 18 U.S.C. § 1962(c). In Plaintiff's fifteenth claim, Plaintiff alleges that Washington Mutual violated 18 U.S.C. § 1962(d) of RICO by conspiring to violate RICO. Washington Mutual argues Plaintiff fails to allege sufficient facts to plead RICO claims. For the following reasons, the Court agrees.

To plead a RICO claim, the plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) which injured his business or property. *Sedima, S.P.R.L. v. Imrex Co.* 473 U.S. 479, 496-97 (1985). If fraudulent acts are the basis of the alleged pattern of racketeering activity, Rule 9(b) requires the plaintiff to allege with "particularity." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.* 806 F.2d 1393, 1400-01 (9th Cir. 1986).

To demonstrate a pattern, Plaintiff must show either a "a series of related predicates extending over a substantial period of time" or "past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241-42 (1989). "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.* at 242.

   To properly plead a conspiracy to violate RICO under § 1962(d), the plaintiff must plead a substantive violation of RICO. *See Howard v. American Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). "Even if Plaintiffs properly claimed that the defendants agreed to be a part of an enterprise, the failure to allege substantive violations precludes their claim that there was a conspiracy to violate RICO." *Id.* Moreover, if the plaintiff does not sufficiently plead a "pattern of racketeering activity," plaintiff cannot plead an action under §1962(d). *See Religious Technology Center v. Wollersheim*, 971 F.2d 364, 365-67 (9th Cir. 1992).

   Plaintiff alleges indictable offenses of extortionate credit (§ 892), collection by extortionate means (§ 894), laundering money (§ 1956), conspiracy against rights (§ 241), and engaging in monetary transactions in property derived from specified unlawful activity (§ 1957). However, Plaintiff makes these allegations without sufficient facts to support the claims. As to Plaintiff's allegations of mail fraud (§ 1341) and wire fraud (§ 1343), Plaintiff also fails to allege fraud with the specificity required by Rule 9(b). Likewise, to the extent Plaintiff contends that Washington Mutual violated § 1957 because of the fraud, Plaintiff must plead with the specificity required by Rule 9(b).

   Moreover, the facts alleged by Plaintiff do not establish a "pattern," as the facts fail to show racketeering activities that lasted a substantial period of time or a threat of future criminal conduct.

   Because Plaintiff does not sufficiently plead substantive violations of RICO and does not sufficiently plead a "pattern of racketeering," Plaintiff cannot maintain either a claim for RICO violations, or a claim of a conspiracy to violate RICO under § 1962(d).

   Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's RICO claims.

## V. CONCLUSION

   In light of the foregoing, the Court **DISMISSES** Plaintiff's federal claims and declines to rule on the Motion as to the state claims. The Court hereby **severs** Washington Mutual from the action, declines to exercise supplemental jurisdiction over the state claims, and **remands** the action against Washington Mutual to state court for all further proceedings.

   **IT IS SO ORDERED.**

|  | : | n/a |
|---|---|---|
|  | Initials of Preparer | Y.L. |